**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-12-645 |
| | § | |
| ERIC P. GARCIA | § | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on Defendant Eric P. Garcia's Motion for Reconsideration and to Correct Sentence of Imprisonment ("Motion for Reconsideration") [Doc. # 83], Motion for Leave to File Motion for Reconsideration [Doc. # 87], and Motion to Remain on Bond Pending Appeal [Doc. # 90]. Having carefully considered the record in this case and having applied governing legal authorities, the Court **denies** the Motion to Remain on Bond Pending Appeal, **grants** the Motion for Leave to File the Motion for Reconsideration, and **denies** the Motion for Reconsideration.

**I.     BACKGROUND**

Defendant was charged by Indictment [Doc. # 1] with four counts of tax evasion in violation of 26 U.S.C. § 7201. On March 14, 2013, Defendant entered a plea of guilty to Count 2 of the Indictment pursuant to a written Plea Agreement [Doc. # 52].

The Court at sentencing calculated a Sentencing Guideline range from 27 to 33 months. The Court rejected Defendant's request for a sentence of probation, but sentenced Defendant to a term of imprisonment of 12 months, well below the applicable Guideline range. *See* Judgment in a Criminal Case [Doc. # 75], entered August 6, 2013.

Defendant now claims that, after entry of his guilty plea and prior to sentencing, his attorney promised him that he would receive a sentence of probation.

## II.   MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Because he has already filed a Notice of Appeal [Doc. # 78; Doc. # 82], Defendant has requested leave to file a Motion for Reconsideration and To Correct Sentence of Imprisonment. Although the Motion for Reconsideration lacks merit, as discussed below, the Court finds that Defendant should be permitted to file it and obtain a ruling on the merits.

## III.  MOTION FOR BOND PENDING APPEAL

Defendant has been ordered to surrender by 2:00 p.m. on September 17, 2013. *See* Order to Surrender [Doc. # 85]. He seeks to remain on bond pending appeal.[1]

---

[1]  To the extent the Motion to Remain on Bond Pending Appeal could be deemed to include a request to extend Defendant's surrender date to a time after the Court has decided the Motion for Reconsideration, the request is **denied as moot**.

There is no constitutional right for a defendant to be released on bond after being convicted and sentenced for an offense. *See United States v. Williams,* 822 F.2d 512, 517 (5th Cir. 1987) (citing *United States v. Bright*, 541 F.2d 471, 477 (5th Cir. 1976), *cert. denied*, 430 U.S. 935 (1977)). Under federal law, there is a presumption against granting a defendant bail after conviction and sentencing. *See id.*; 18 U.S.C. § 3143(b). To obtain bail pending appeal, the convicted defendant must prove by clear and convincing evidence each of the following four factors: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; **and** (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Valera-Elizondo,* 761 F.2d 1020, 1025 (5th Cir. 1985) (emphasis added); *see also Williams*, 822 F.2d at 517. A question of law or fact is "substantial" if it raises a substantial doubt and could "very well be decided the other way" by the Court of Appeals. *See United States v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990).

Regarding the first two factors, the Court finds that there is little likelihood that Defendant will flee or pose a danger to the community if released during appeal, and does not find that he is pursuing an appeal solely for the purpose of delay.

Regarding the last two factors, however, the Court finds that Defendant has not shown by clear and convincing evidence that there are substantial issues on appeal that are likely to result in his conviction being overturned or reversed.  Defendant in the Notice of Appeal identifies no issues.  In the Motion to Remain on Bond Pending Appeal, Defendant challenges the adequacy of his attorney's advice in connection with Defendant's agreement to a specific tax liability in the Plea Agreement. Defendant challenges also his attorney's earlier rejection of an alleged offer of a plea agreement involving a sentence of one year and one day.

The Court does not find that these issues present substantial questions of law or fact.  The Court conducted a very thorough questioning of Defendant prior to accepting the guilty plea in this case.  Moreover, the Court does not find that the appeal is likely to result in reversal or an order for a new trial or a reduced sentence. Defendant in the Plea Agreement waived his right to challenge his conviction and sentence on appeal or collaterally.  The Court at sentencing carefully considered Defendant's request for a sentence of probation and rejected the request.  The Court carefully considered the various factors set forth in 18 U.S.C. § 3553(a).  The Court

concluded that a sentence of imprisonment for one year, well below the Sentencing Guideline range, was the proper sentence because it would adequately sanction Defendant's criminal conduct and promote respect for the law. The Court determined that the sentence imposed was sufficient, but not greater than necessary. It is highly unlikely that any appeal in this case would result in the imposition of a lower sentence.

Defendant has failed to identify issues on appeal that raise a substantial question of law or fact. More importantly, Defendant has failed to demonstrate by clear and convincing evidence that his appeal is likely to result in reversal of his conviction, an order for a new trial, or a lower sentence. As a result, his Motion to Remain on Bond Pending Appeal is **denied**.

### IV.   MOTION FOR RECONSIDERATION

Defendant seeks reconsideration of his 12 month sentence and asks the Court "to correct sentence of imprisonment." The Court denies Defendant's Motion for Reconsideration on procedural grounds and on the merits.

#### A.   Section 3582(c)

As an initial matter, the Court has no authority to modify Defendant's sentence. Under federal law, the Court "*may not* modify a term of imprisonment once it has been imposed except" under circumstances not present in this case. 18 U.S.C.

§ 3582(c) (emphasis added); *Dillon v. United States*, __ U.S. __, 130 S. Ct. 2683, 2687 (2010); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011).

The first limited exception is where the Director of the Bureau of Prisons moves for a reduction on grounds set forth in the statute. *See* 18 U.S.C. § 3582(c)(1)(A). The Director of the Bureau of Prisons has not filed a motion in this case.

The second exception is that the Court may modify an imposed term of imprisonment where authorized by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c)(1)(B). In this case, Defendant has not identified a general statute allowing the Court to modify his sentence. Rule 35 allows a Court, within 14 days after sentencing, to correct a sentence "that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). In this case, Defendant was sentenced on July 23, 2013. The Motion for Reconsideration was filed August 20, 2013, more than 14 days later.[2] Additionally, the sentence imposed on July 23, 2013, and reflected in the Judgment in a Criminal Case, did not result from "arithmetical, technical, or other clear error." The sentence imposed and entered was the sentence the Court intended. Rule 35(b) provides for the modification of a

---

[2] The Judgment in a Criminal Case was entered August 6, 2013. Certain deadlines, such as the deadline for a Notice of Appeal, run from "entry" of the judgment. *See* FED. R. APP. P. 4(b)(1). The Rule 35(a) time limit, however, begins to run at "sentencing." FED. R. CRIM. P. 35(a). "Sentencing" for purposes of Rule 35 "means the oral announcement of the sentence." FED. R. CRIM. P. 35(c).

defendant's sentence of imprisonment on motion by the United States.  *See* FED. R. CRIM. P. 35(b).  The United States has not filed a motion pursuant to Rule 35(b).

The third exception that would allow the Court to modify a sentence of imprisonment is where the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  There has been no amendment to the Sentencing Guidelines that would affect the sentencing range in Defendant's case.  Moreover, the Court sentenced Defendant well below the applicable Guidelines range.

Pursuant to 18 U.S.C. § 3582(c), the Court lacks authority to modify Defendant's sentence in this case.  As a result, Defendant's Motion for Reconsideration is **denied**.

### B.     Plea Agreement

Defendant entered a plea of guilty pursuant to a written Plea Agreement.  In the Plea Agreement, Defendant waived his right to appeal his conviction and sentence, as well as his right to seek collateral review of his conviction and sentence "by means of any post-conviction proceeding."  *See* Plea Agreement [Doc. # 52], ¶ 5.  Defendant agreed also that he could not withdraw his guilty plea and would remain bound by the Plea Agreement as long as his sentence was "up to the maximum established by statute."  *See id.*, ¶ 12.  Defendant in the Motion for Reconsideration challenges

certain provisions of the Plea Agreement, specifically the agreements relating to the amount of tax loss, including relevant conduct. Defendant has not, however, challenged the provision waiving his right to appeal and to challenge his conviction and sentence collaterally "by means of any post-conviction proceeding." As a result, Defendant has waived his right to seek reconsideration of his sentence, and his Motion for Reconsideration is **denied** on that basis also.

### C. Proper Sentence

Additionally, the Court denies the Motion for Reconsideration on the merits. At the time of sentencing, Defendant specifically requested a sentence of probation.[3] The Court found that the requested sentence of probation would not adequately sanction Defendant's criminal conduct, and would cause unwarranted disparities among similar cases. After carefully considering all the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court determined that a proper sentence of one year would be sufficient, but not greater than necessary. The Court rejected Defendant's request for probation and would similarly have rejected a request for a sentence of one year and one day. The Court determined that a term of imprisonment for 12 months was

---

[3] Defendant attaches a copy of a letter from his prior counsel regarding an alleged offer "of a plea of One year and One day." *See* August 6, 2013 Letter, Exh. to Motion for Reconsideration. There is no evidence of such an offer from the United States. In any event, significantly, any plea agreement "of One year and One day" would not be binding on the Court. The Court would remain obligated to consider the factors set forth in § 3553(a) and impose the sentence it determined was appropriate.

the proper sentence in this case, and the Court persists in that decision. On this basis also, the Motion for Reconsideration is **denied**.

## V.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion for Leave to File Motion for Reconsideration [Doc. # 87] is **GRANTED**. It is further

**ORDERED** that Defendant's Motion to Remain on Bond Pending Appeal [Doc. # 90] is **DENIED** and Defendant is ordered to surrender on **September 17, 2013**, as previously ordered. It is further

**ORDERED** that Defendant's Motion for Reconsideration and to Correct Sentence of Imprisonment [Doc. # 83] is **DENIED**.

SIGNED at Houston, Texas, this 3rd day of **September, 2013**.

_____
Nancy F. Atlas
United States District Judge